### BARTHOLOMEW HEALY *vs.* BENJAMIN A. RUSSELL.

In an action for the forcible entry and detainer of a dwelling-house, in which it was an important question whether the defendant knew that the complainant was in the occupation of the house, the latter offered evidence that his son, who was a member of his family, got some potatoes of the defendant, while the complainant was living in the house, and borrowed a basket of him in which he carried them home, but without any proof that the defendant knew who the boy was or where he carried the potatoes. Held that it was for the complainant to show such knowledge on the part of the defendant, and that in the absence of proof of it the evidence was inadmissible.

WRIT OF ERROR from the judgment of the Superior Court in New Haven County, (*Phelps, J.,*) affirming on error the judgment of a county commissioner and justice of the peace in an action of forcible entry and detainer. The case is sufficiently stated in the opinion.

*Doolittle*, for the plaintiff in error.

*L. G. Peck*, with whom was *Gardiner*, for the defendant in error.

PARK, J. We think the court of forcible entry and detainer erred in admitting the evidence objected to in this case, and therefore there is error in the judgment of the Superior Court approving the proceedings of the inferior court. It was a material and important question before the inferior court whether the complainant was in possession of the premises in controversy with the knowledge and consent of the defendant in that action, or otherwise. In order to show that the defendant knew that he was occupying the premises, the complainant offered his son (who was living with him) as a witness, who testified that on one occasion he got some potatoes of the defendant, and borrowed a basket of him in which he took them to the premises in dispute. The evidence was objected to by the defendant as irrelevant to the issue, but the court admitted it, and found in relation to it, that it did not appear that the defendant knew who the son was or where he took the potatoes. This is equivalent to finding that the defendant did not know, for the complainant was bound to sat-

isfy the court affirmatively, by direct or circumstantial evidence, of the knowledge of the defendant. After all that could be offered upon the subject by the complainant the court finds as a fact in the case, and so puts it upon the record, that it did not appear that the defendant did know who the son was, or where he took the potatoes. The fact should therefore have been taken that the defendant did not know. It is easy to see that no inference could be drawn from the statement, unless it appeared that the defendant had this knowledge. Without it the statement was irrelevant to the issue.

There is manifest error in the judgment complained of.

In this opinion the other judges concurred.